JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia, the brief and supplements thereto, and the response to the order to show cause filed by appellant. See Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is
ORDERED AND ADJUDGED that the district court’s order filed August 8, 2007, be affirmed as to appellees Khuzestani and Nayerri in their individual capacities. Appellant has failed to show that the district court possessed personal jurisdiction over these appellees. He does not identify any specific actions committed by appellees that caused him injury, and has not demonstrated that any specific action they committed in Iran was “purposefully directed” at the United States or its residents. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).
In Mwani v. bin Laden, 417 F.3d 1, 13 (D.C.Cir.2005), upon which appellant relies, this court held that personal jurisdiction existed over Osama bin Laden and al Qaeda under Federal Rule of Civil Procedure 4(k)(2) because, according to the plaintiffs’ complaint and evidence, they had caused the bombing of the American embassy in Kenya “not only to kill both American and Kenyan employees inside the building, but to cause pain and sow terror in ... the United States,” and participated in “an ongoing conspiracy to attack the United States.” Appellant’s allegations here show no comparable nexus between appellees and the United States. Appellant’s return to the United States after the incident in 2000 does not create personal jurisdiction over appellees. See Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) (“The unilateral activity of those who claim some relationship with a nonresident defendant *2 cannot satisfy the requirement of contact with the forum state.”).
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.